**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.  1:21-cv-0561** |
| | ) | |
| **$196,634 SEIZED FROM CITYWIDE,** | ) | |
| **BANK ACCOUNT ENDING IN 9662,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **$3,648,375 SEIZED FROM CITYWIDE,** | ) | |
| **BANK ACCOUNT ENDING IN 8557,** | ) | |
| | ) | |
| **Defendants In Rem.** | ) | |
| | ) | |

**CLAIMANTS STERLING NCP FF, LLC AND MANASSAS NCP FF, LLC
MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS THE VERIFIED COMPLAINT FOR FORFEITURE</u>**

Claimants Sterling NCP FF, LLC and Manassas NCP FF, LLC,[1] through undersigned

counsel, files this motion to dismiss the Verified Complaint for Forfeiture (hereinafter

"Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rules G(5)(b) and G(8)(b)

of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, because

the Complaint fails to state a claim for forfeiture of the $196,634 seized from Citywide Bank

account ending in 9662 and $3,648,375 seized from Citywide Bank account ending in 8557 at

issue (hereinafter collectively referred to as "Seized Funds") and does not allege facts sufficient to

"support a reasonable belief that the government will be able to meet its burden of proof at trial."

Supp. R. G(2)(f).

---

[1] For ease of reference to the contents of the Government's Verified Complaint, the claimants to this action will be referred to as either Brian Watson ("Person #2") or Claimant. Mr. Watson maintains a managerial role over the two corporate entities.

## I.    PRELIMINARY STATEMENT

The United States of America's (the "Plaintiff" or "Government") Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to state detailed facts sufficient to support a reasonable belief that the Plaintiff will be able to meet its burden of proof at trial pursuant to Supplemental Rule G(8)(b) governing forfeiture actions. *See* Supp. R. G(2)(f). The Complaint simply makes conclusory statements without sufficiently detailing how or why the Seized Funds are subject to forfeiture.

During the time period relevant to the Complaint, Company #2 ("Northstar Commercial Partners" or "Northstar") was a privately held, full-service real estate investment and asset management company. Founded over 21 years ago, the company was quite successful until Company #1 and the Government accused Watson of participating in a kickback scheme, as discussed below.  The Complaint fails to give rise to an action for forfeiture by the Government as they have neglected to plead particular facts demonstrating a sufficient connection between the Seized Funds and alleged illegal activity. In essence, the Government's actions in seizing private investor funds of 39 individuals is a prohibited pretrial restraint of substitute assets, not proceeds.

## II.    FACTUAL BACKGROUND

In early 2018, Company #5 pursued real estate transactions where Amazon ("Company #1") would build and lease properties in northern Virginia for high tech data centers. The Claimant enlisted 39 private investors, and one large institutional investor who subsequently bought out the 39 private investors, to participate in this opportunity, and their investment contributions are reflected by the totals within the Seized Funds. In other words, the funds seized by the government *over two years* after the investment opportunity arose were monies earmarked for a partial return of the original equity invested by innocent third parties, as opposed to reflecting a return or profit

on their initial investments.[2] The Government, apparently in coordination with Amazon, swooped in on May 8, 2020 to secure the two Seized Accounts, at precisely the time that funds were deposited in these accounts by the majority multi-billion dollar institutional equity investor who was buying the 39 smaller private investors out of the data center real estate investments.

Since then, the Government has informally commented to the undersigned that an attorney associated with the investment group will seek "remission" from DOJ's Money Laundering and Asset Recovery Section. While the Claimant is not privy to the full details of any such communications, it appears that the Government is seeking to obtain uncontested forfeiture so any repatriation of assets can occur within the halls of DOJ, far from any Court involvement. The Claimant contends that this Court should directly involve itself in this particular action, as the facts and circumstances amount to an abuse of forfeiture authority.

The Government alleges that on May 8, 2020, Company #5 made wire transfers of $196,634 to Citywide Bank (account ending 9662) in the name of Entity #1 and $3,648,375 to another Citywide Bank account (ending in 8557) in the name of Entity #2; and that both accounts "were under the control of Company #2". *See* Complaint at ¶ 29. The Complaint further alleges that the above-mentioned payments "were made pursuant to Company #5's contractually obligated redemption payments to Company #2 for the Company #1 projects in Northern Virginia, which projects were steered to Company #2 through the kickback scheme". *Id.* On the same day that the transfers were made, the Government seized the funds with a seizure warrant. *Id.* at ¶ 30. These allegations are insufficient as a matter of law to warrant forfeiture of the Seized Funds.

---

[2] All factual contentions within this Motion are based upon Information and Belief, as the Government has not provided any discovery materials to the Claimant at this time.

III.    **APPLICABLE LEGAL STANDARDS**

Under the Federal Rules of Civil Procedure 12(b)(6), the Court tests the legal sufficiency of a complaint by reviewing whether the allegations "provide more than merely 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Adkins v. Beck*, No. 3:20-CV-821-HEH, 2020 WL 7211634, at *2 (E.D. Va. Dec. 7, 2020) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The right to relief must be raised "above the speculative level", that is "plausible on its face" as opposed to being merely conceivable.  *Bell*, 550 U.S. at 555, 570.  "[A] complaint [does not] suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell*, 550 U.S. at 557).

Additionally, Supp. Rule G(2) provides specific pleading requirements in forfeiture actions in rem.  Under Rule G(2) the complaint must provide sufficient details of factual support to provide a reasonable belief that the government will be able to meet its burden of proof at trial.  *U.S. v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002) (*cited by* the Advisory Committee's Note to Rule G(2)).  This heightened pleading requirement is specifically designed to protect against improper use of seizure proceedings and against the threat to property owners of seizure resulting from conclusory allegations.  *Id.*  The Plaintiff's burden of persuasion in forfeiture actions is set out in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which provides that the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." *See* 18 U.S.C. § 983(c)(1).

The Court must begin by identifying conclusory allegations that are not entitled to an assumption of truth when ruling on a Rule 12(b)(6) motion to dismiss.  *Iqbal*, 556 U.S. at 664.  Thus, when a claimant in a forfeiture action moves to dismiss under 12(b)(6), the court should first determine the sufficiency of the complaint by removing conclusory allegations then apply the Rule

G(2) standard. *See U.S. v. $79,650 Seized from Bank of Am. Account ending in -8247m in name of Afework*, No. 1:08CV1233 (JCC), 2009 WL 331294, at *1–2 (E.D. Va. Feb. 9, 2009).

To be subject to civil forfeiture as pled by the Government, the Seized Funds must have been involved in a transaction or attempted transaction outlined in 18 U.S.C. § 981(a)(1)(A) or traceable to proceeds from a violation of the offenses outlined in 18 U.S.C. § 981(a)(1)(C)). *U.S. v. Leak*, 123 F.3d 787, 791 (4th Cir. 1997) (citing 18 U.S.C. § 981(a)(1)(A)). The Government must ultimately prove the funds are traceable to specific detailed fraudulent conduct. *See generally, U.S. v. Miller*, 295 F. Supp. 3d 690, 699 (E.D. Va. 2018) (explaining that the government used an FBI forensic accounting expert to show that the funds were connected to the fraudulent conduct of money laundering). The Complaint fails in doing so; it is based upon the conclusory statements that the Seized Funds are proceeds traceable to and/or derived from wire fraud in violation of 18 U.S.C. § 1343 and/or 18 U.S.C. § 1349.

At trial, the Plaintiff would be required to prove by a preponderance of the evidence that the Seized Funds are subject to forfeiture due to violations of 18 U.S.C. §§ 1343, 1349. 18 U.S.C. § 1343 requires proving (1) a scheme to defraud with money or property as the intent of the scheme; and (2) the use of mail or wires to further the scheme. *Nunes v. Fusion GPS*, No. 119CV1148RDATCB, 2021 WL 1225983, at *10 (E.D. Va. Mar. 31, 2021) (*citing U.S. v. Taylor*, 942 F.3d 205, 213 (4th Cir. 2019)). To prove a violation of 18 U.S.C. § 1349, the government must show that two or more individuals "agreed to devise a scheme to defraud by means of a wire communication and each defendant 'willfully joined the conspiracy with the intent to further its unlawful purpose.'" *U.S. v. Shareef*, No. 19-4641, 2021 WL 1328549, at *1 (4th Cir. Apr. 9, 2021) (*quoting U.S. v. Burfoot*, 899 F.3d 326, 335 (4th Cir. 2018)).

The Government must plead facts sufficient to establish a reasonable belief that they will be able to meet their burden of proof establishing violations of these statutes at trial. The Complaint is entirely deficient in this respect. There is a complete lack of factual allegations intimating the requisite intent and/or knowledge by Watson to establish a violation of said statutes. Further, the Government has failed in its obligation to provide sufficiently detailed facts such that it is reasonable to believe the required elements that such violations could be proved at trial.

IV.     **ARGUMENT**

A.     **The Complaint contains conclusory allegations that must be excluded from consideration in a 12(b)(6) Motion to Dismiss.**

As stated by the Supreme Court, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 at U.S. at 678. Mere allegations upon "information and belief" without the support of underlying facts are conclusory statements. *Twombly*, 550 U.S. at 551.

The Complaint is replete with conclusory and speculative statements, the absence of which causes the Complaint to be fatally flawed. Most pertinently, Paragraph 29 contains the sole allegations that state or infer any degree that the Seized Funds were actually involved in such transactions. Critically, the Complaint refers to Company #5's payments as being "made pursuant to Company #5's contractually obligated redemption payments to Company #2…" before gratuitously characterizing the projects as involving a "kickback scheme." *See* Complaint at ¶ 29. The Complaint alleges that Amazon employees "were not authorized to benefit from 'referral fees' or other financial compensation paid by Company #2…" but fails to establish that Watson, or any of the 39 investors whose monies have been held for over two years, would have had knowledge of the internal Amazon prohibition against such payments. Acknowledging payments out of

Watson's profits (or those of Northstar), as opposed to fraudulent inclusion of such referral fees within the contract with Amazon is not itself a criminal act on behalf of Watson. Similarly, inviting Amazon employees to a fishing trip (Complaint ¶ 22) may violate conflict-of-interest policies, but that does not render the Seized Funds proceeds of criminal activities.

Further, the Complaint presents various conclusory statements as a factual basis for the forfeiture action. *See* Complaint at ¶¶19, 20, 21, 22, 23, 27. The Court should exclude such statements from consideration in its examination of the sufficiency of the Complaint. What the Government, or the agents, Persons #1 and #11, or Company #5 believe, assume, or conclude serves as an improper basis for a well-pleaded Complaint pursuant to Rule 12(b)(6). Once the Court removes such speculative statements and undertakes an examination of the Complaint based solely upon facts alleged, the only conclusion that can be reached is that the Complaint does not adequately state a claim for forfeiture.

B. **The Complaint fails to allege sufficient facts to satisfy the Rule G(2) pleading requirements.**

i. **The Plaintiff fails to plead sufficient facts giving rise to a reasonable belief that it can carry its burden at trial to show a statutory violation occurring giving rise to forfeiture.**

The Plaintiff failed to plead sufficiently detailed facts to support a reasonable belief that the Plaintiff will be able to meet its burden of proof at trial that the Seized Funds were involved in or resulted from a violation of 18 U.S.C. §§ 1343, and/or 1349.

As a threshold matter, the relied upon statutes require a showing *of knowingly participating* or *intent* to defraud. *Burfoot*, 899 F.3d at 335 (*citing U.S. v. Chittenden*, 848 F.3d 188, 195 (4th Cir. 2018); *Goodweather v. Parekh*, No. 120CV00006RDAIDD, 2020 WL 9259760, at *6 (E.D. Va. Sept. 18, 2020) (*citing Choimbol, Fairfield Resorts, Inc.*, 428 F. Supp. 2d 437, 443 (E.D. Va. 2006)). At trial, the Government would be required to show by a preponderance of the evidence

that Watson had the requisite intent or knowledge to engage in these alleged crimes. The Complaint is completely devoid of any evidence on this point.

As to each of the alleged grounds for forfeiture, specifically, the Government fails to provide sufficiently detailed facts that it would be able to carry its burden of proof at trial. In order to prevail at trial for forfeiture based on alleged violation of 18 U.S.C. § 1343 and § 1349, the Government will have to provide evidence of a "scheme to defraud" and "intent to further" a conspiracy to commit fraud. Besides the requisite intent element in evidencing fraud, the Government failed to lay out any inference of an overarching scheme, particularly as applied to Person #2.

> ### ii. The Government has failed to identify a "transaction," "attempted transaction," or "specified unlawful activity" serving as the sufficient basis for a forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(C).

In the Complaint, Plaintiff fails to set forth or allege facts sufficient to identify a transaction that can serve as the basis for a forfeiture action premised upon § 981(a)(1)(C). No transaction(s) or aspect of a transaction is specifically pled or identified as the basis for the forfeiture action. No transaction(s) or aspect of a transaction is specifically pled or identified as a violation of a statute qualifying for a § 981 forfeiture action.

Based on the Complaint, Brian Watson, as Claimant to the Seized Funds, is entirely unclear as to how the specific funds that were seized are connected to any conduct, transaction, or aspects of a transaction that constitutes a crime. The Government fails to "state sufficient detailed facts" such that it can be reasonably believed they would prevail at trial as no specific transaction or activity serving as the basis for the forfeiture action is adequately identified. *See Mondragon*, 313 F.3d at 865 (explaining that the particularity requirement necessitates that the complaint allege facts "with such particularly that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.")

(*quoting* FRCP Supp. AMC R. E(2)(a)); *see also U.S. v. Thomas*, 913 F.2d 1111, 1114 (4th Cir. 1990) ("[T]he government has the initial burden of demonstrating 'probable cause for the belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by statute.'") (*quoting Boas v. Smith*, 786 F.2d 605, 609 (4th Cir. 1986)).

### iii. The Government has failed to trace the seized funds as being involved in violations giving rise to a forfeiture action.

Much like the Government's initial confiscation of the Seized Funds, the Complaint is heavy-handed and sweeping in scope without providing a reasonable basis that the Seized Funds were involved in criminal misconduct giving rise to forfeiture. The Seized Funds are not identified or traced as property or proceeds subject to forfeiture. The Complaint summarily concludes that the Seized Funds are **proceeds** traceable to …specified unlawful activity" (Complaint ¶ 32; emphasis added) without sufficient basis.

In short, while failing to reasonably identify the transactions or conduct giving rise to forfeiture as detailed above, the Plaintiff also fails to trace the Seized Funds to any such conduct. The Complaint provides a conclusory and non-specific summary of Watson's general business operations leading to the bank account. However, it fails to be detailed enough to show that they are actual proceeds derived from or related to transactions that are wholly related to any alleged illegal arrangements. *See* Compl. at ¶ 29. If the Government contends that "but for" the 2018-19 "kickback scheme" the seized funds of 2020 would not have existed in these accounts, then they have literally extended the definition of "proceeds" beyond any reasonable limitation. This Court should not join them in that exercise, particularly when there is no evidence that the 39 investors were knowingly complicit in any illegality.

Additionally, the Complaint does not allege sufficiently that the Seized Funds are traceable to or involved in the alleged statutory violations. *See Miller*, 295 F. Supp. 3d at 696 ("[T]here

must be probable cause to believe the assets seized are directly forfeitable as tainted assets connected to the crime; the Government may not restrain substitute assets that are in no way linked to the crime."). Instead, the Government seized the entirety of a lawfully operating company's bank accounts and sweepingly alleges it all constitutes proceeds from illegal activity. This is precisely the type of heavy-handed Government actions Rule G(2)'s pleading standard was designed to protect against. *See Mondragon*, 313 F.3d at 865; *see also* Miller, 295 F. Supp. 3d at 696 (explain that a defendant is entitled to release of funds pretrial when it is revealed that substitute assets were seized "without probable cause to believe those assets were subject to forfeiture").

The Government has been investigating Watson and Northstar for over 16 months.[3] Working hand in hand with Amazon, the tandem seized investment funds and declared crime proceeds while Amazon, the largest company in the world, continues to profitably operate under the leases it executed in arm's length dealings with Northstar in 2018 and 2019. Northstar, which once employed over 40 full-time employees, has been impoverished to the point of eviction from its office location, and approximately 37 of the employees have been let go. The same Government will seek remission petitions and stays to avoid exposing its evidentiary shortfalls, while Watson slowly succumbs to the continuous grind of financial warfare, having less resources to defend himself against the government, against Amazon, and against its prior majority equity investor in the data center venture, IPI, the multi-billion investment fund referred to as Company #5. The forfeiture action harms Watson in terms of time, attorney fees, and reputational harm. This Court is in a position to at least eliminate one aspect of that unfair interference with Watson's ability to

---

[3] Not surprisingly, the Government's first factual allegation in its Complaint begins with "the FBI is investigating…Company #2…" but neglects to mention that the investigation is no less than 15 months old. Even for arguably more directly implicated targets of this investigation, it is our understanding that in rem forfeiture proceedings have been repeatedly stayed without sign of criminal complaint or indictment.

run a company and to defend himself. One year after freezing over $3.8 million, the Government emerges from the shadows to seek forfeiture of the original investment funding from the 39 private investors and returns with conclusory language that clearly fails to comply with pleading requirements and applicable case law.

## V.     <u>CONCLUSION</u>

For all the foregoing reasons, Claimant moves the Court to dismiss the Complaint and order the prompt return of the Seized Assets.

Dated:  July 27, 2021            Respectfully submitted.

                                     *s/ Jeffrey R. Hamlin*

                                     _____

                                     Jeffrey R. Hamlin (Va. Bar No. 46932)
                                     George R. Calhoun (*pro hac vice*)
                                     James Trusty (*pro hac vice*)
                                     IFRAH PLLC
                                     1717 Pennsylvania Avenue NW
                                     Suite 650
                                     Washington, DC  20006-2004
                                     (202) 524-4140 (Phone)
                                     (202) 524-4141 (facsimile)
                                     jhamlin@ifrahlaw.com
                                     george@ifrahlaw.com
                                     jtrusty@ifrahlaw.com
                                     *Counsel for Claimants Sterling NCP FF, LLC and Manassas NCP FF, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2021, a copy of the foregoing Memorandum in Support of the Motion to Dismiss was filed and served electronically by the Court's CM/ECF system upon all registered users:

*s/ Jeffrey R. Hamlin*
_____
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC  20006-2004
(202) 524-4140 (Phone)
(202) 524-4141 (facsimile)
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com
*Counsel for Claimants Sterling NCP FF, LLC and Manassas NCP FF, LLC*
