IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $196,634 SEIZED FROM CITYWIDE BANK ACCOUNT ENDING IN 9662, <br><br> and <br><br> $3,648,375 SEIZED FROM CITYWIDE BANK ACCOUNT ENDING IN 8557. <br><br> Defendants In Rem. | Civil No. 1:21-cv-561 |

**RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS**

Comes now the United States of America, by counsel, and offers its response in opposition to the motion to dismiss filed by Sterling NCP FF, LLC and Manassas NCP FF, LLC, to which the government will refer as a single claimant in this response (Document 7). The government's complaint sets forth the underlying criminal activity, the nature of the fraud scheme including how Company #2 secured land deals from Company #1 by paying unauthorized kickbacks to employees of Company #1, that Company #2 had a joint venture partner in developing three Northern Virginia properties for Company #1, that the joint venture partner terminated Company #2's involvement after discovering the fraud scheme, and shows that the defendant property was disbursed to the claimant, companies managed by Brian Watson, via bank accounts controlled by Company #2, after the fraud was discovered. The complaint therefore adequately states how the defendant property is traceable to an honest services wire

1

fraud scheme, making it subject to forfeiture. Accordingly, the claimant's motion should be denied.

## STANDARDS GOVERNING

Since a motion to dismiss is limited to the four corners of the complaint, the government is not including a fact section in this response. United States v. The Painting Known and Described as "Madonna and Child", No. 14 Civ. 4485, 2015 WL 108416, at *3, *6 (S.D.N.Y. Jan. 6, 2015) (claimant's disagreement with the version of the facts set forth in a forfeiture complaint has no bearing on the merits of her motion to dismiss; at the pleading stage, the Court is concerned only with the sufficiency of the complaint); United States v. Sum of $70,990,605, 4 F.Supp.3d 189, 195-96 n.2 (D.D.C. 2014) (in ruling on a motion to dismiss, the Court will not consider matters outside the pleadings, any exhibits attached to the complaint or incorporated by reference, or documents on which the complaint necessarily relies); United States v. Approximately $50,205 in United States Currency, No. 12-cv-1183, 2013 WL 3729573, *7 (E.D.Wis. July 12, 2013) (denying motion to dismiss complaint alleging violation of the Analogue Act; evidence extrinsic to the complaint, contradicting government's evidence of forfeitability, "is not a proper subject of a motion to dismiss ... because it challenges the sufficiency of *the evidence* underlying the allegations in the complaint rather than the sufficiency of *the allegations in the complaint themselves*") (emphasis in original). For purposes of a motion to dismiss, the facts set forth in the complaint are assumed to be true. United States v. Real Property Known as 223 Spring Water Lane, No. 6:18-cv-315, 2021 WL 144245, *8 (E.D.Ky. Jan. 15, 2021) (because the facts alleged in the complaint are assumed to be true, the government is not required to produce "evidence" to support its factual claims at the pleading stage); United States v. $22,800.00 in U.S Currency, No. 2:17-cv-4611, 2018 WL 3738962, at *3 (C.D.Cal. Jul.

25, 2018) ("In determining whether the government's complaint is sufficient, the facts alleged in the complaint are assumed to be true and are to be construed in the light most favorable to the United States.").

The pleading standard for civil forfeiture complaints is found in Supplemental Rule G(2)(f), which provides that the complaint must allege sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. United States v. Aguilar, 782 F.3d 1101, 1108-09 (9th Cir. 2015) (the standard for filing a civil forfeiture complaint is set forth in Rule G(2)(f) and it is not an onerous one). Whether the government's complaint meets Rule G(2)(f)'s pleading requirements may be subject to challenge pursuant to Supplemental Rule G(8)(b). United States v. Approximately $94,600 in U.S. Currency, No. 14-cv-394, 2015 WL 5254542, at *9 (E.D.Wis. Sept. 9, 2015) (noting that Rule G(8)(b) governs motions to dismiss).

The government does not have to set forth all of its evidence in its complaint, or even enough to show that it will prevail at trial. United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004) ("the Government is not required to prove its case simply to get in the courthouse door"; if the government had to have sufficient evidence at the time it filed its complaint to prevail on the merits at trial, the provision in CAFRA permitting the government to rely on evidence gathered after the filing of the complaint would be meaningless); United States v. $15,860 in U.S. Currency, 962 F.Supp.2d 835, 839-40 (D.Md. 2013) ("the Government does not have to fully prove its case to meet the pleading requirements"). It suffices for the government to show that, following discovery, it is reasonable to believe that the government will be able to meet its burden of proof at trial. United States v. $22,173.00 in U.S. Currency, No. 09 Civ. 7386, 2010 WL 1328953, *3-4 (S.D.N.Y. Apr. 5, 2010)

(explaining that at the pleading stage the government need only satisfy the "reasonable belief" standard in Rule G(2)(f); it does not have to allege facts sufficient to establish forfeitability at trial or to survive a motion for summary judgment; moreover, the import of 18 U.S.C. § 983(a)(3)(D) is that the government is entitled to rely on evidence gathered after the complaint is filed to prove its case). For example, the government does not have to show that it can satisfy a funds tracing requirement in order to meet Rule G(2)(f)'s pleading requirement. Aguilar, 782 F.3d at 1109 ("Tracing is not an issue at the motion to dismiss stage"); United States v. $1,707,937.91 in Funds Seized From Atlantic Capital Bank, 1:20-cv-3194, 2021 WL 1574743, at *4-*5 (N.D.Ga. Apr. 22, 2021) (at the pleading stage, it is sufficient for the government to allege that the defendant funds were seized from a bank account that was being used to receive and withdraw the proceeds of the criminal offense at the time the seizure took place); Real Property Known as 223 Spring Water Lane, 2021 WL 144245, at *10 (tracing is not required at the pleading stage).

Since forfeitability is an issue for trial, motions to dismiss based on a complaint's alleged failure to establish a sufficient nexus between the defendant property and the criminal act should be denied. 18 U.S.C. § 983(a)(3)(D) ("No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."); Supplemental Rule G(8)(b)(ii) (reiterating 18 U.S.C. § 983(a)(3)(D) and providing that a complaint is sufficient to survive a motion to dismiss if it satisfies the pleading requirements in Rule G(2); United States v. $465,789.31 Seized From Term Life Ins. Policy, 150 F.Supp.3d 175, 177-78 (D.Conn. 2015) (claimant's legal argument that the government will not be able to satisfy the but for test need not be considered in the context of a motion to dismiss because it depends on facts outside the complaint); United States v.

$5,988,031.33, No. 2:12-cv-2289, 2014 WL 1338889, *3 (W.D.Tenn. Mar. 28, 2014) (complaint need not cite all of the facts needed for the government to prevail at trial; 18 U.S.C. § 983(a)(3)(D) makes clear that the Court must review the facts in a "relaxed manner") (quoting United States v. 630 Ardmore Drive, 178 F.Supp.2d 572, 581 (M.D.N.C. 2001)); United States v. $6,000 in U.S. Currency, No. 3:12-cv-1326, 2013 WL 5173129, at *3 (N.D.Ohio Sept. 12, 2013) (explaining why, under the Civil Asset Forfeiture Reform Act, the facts alleged in the complaint need not be sufficient to establish forfeitability by a preponderance of the evidence but need only satisfy the reasonable belief standard in Rule G(2)(f)).

ARGUMENT

A.      The Complaint States Sufficient Facts to Support a Reasonable Belief that the Government Will Be Able to Meet its Burden of Proof at Trial

The complaint in this case certainly alleges sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, as required by Supplemental Rule G(2)(f). The complaint states that the forfeiture action arises from a scheme to defraud a victim company, Company #1 (Document 1, ¶ 2). The Citywide account ending in 9662 is in the name of Entity #1 (Manassas NCP FF, LLC) and the Citywide account ending in 8557 is in the name of Entity #2 (Sterling NCP FF, LLC) (Document 1, ¶¶ 4-5).[1] Paragraphs 9 through 23 of the complaint describe the nature of the honest services wire fraud scheme and artifice. The scheme involved Company #2 (Northstar), headed by Person #2 (Brian Watson). Watson entered into an agreement with Person #1 whereby Northstar would pay Person #1 a portion of the fees it received on its Company #1 data center development deals in Northern Virginia. Person #1

---

[1] For ease of reference, in this response the government is de-anonymizing those entities de-anonymized by the claimant in his motion to dismiss. The initial references such as "Entity #1" refer to the way those entities and individuals are named in the complaint.

would then transfer those funds to Persons #11 and #12 as kickbacks so that Watson and his company, Northstar, could secure these lucrative development deals with Company #1. Paragraphs 15 and 16 of the complaint describe the wiring of the kickbacks. Paragraph 29 also describes the wire transfer of the defendant property. Persons #11 and #12 worked for Company #1 and were the primary decisionmakers as to the selection of real estate and developers for Company #1. Company #1 prohibited kickbacks, referral fees, or other compensation from developers such as Northstar and the contractual arrangements for these development deals specified that no undisclosed third party brokers, such as Person #1, were used. Prior to the kickback scheme described in the complaint, Northstar had never completed a data center development deal, which was the sort of development Northstar was doing for Company #1.

Paragraphs 25 through 29 of the complaint introduce Manassas NCP FF, LLC and Sterling NCP FF, LLC. They specify that Company #5 was a joint venture partner with Northstar on these Company #1 development deals which Watson and Northstar had secured by prohibited kickbacks. Manassas NCP FF, LLC and Sterling NCP FF, LLC were entities associated with a total of three such development projects encompassed within the joint venture between Northstar and Company #5. Company #5 was not aware of the kickbacks and, when Company #5 did become aware, Company #5 took swift steps to terminate Northstar's involvement.[2] Upon learning of the kickback scheme and thus terminating Northstar's involvement, Company #5 was contractually obligated to pay Northstar related to the redemption of their equity interest. This resulted in the defendant property being wired to the two bank accounts, which were in the names of Manassas NCP FF, LLC and Sterling NCP FF, LLC,

---

[2] Apparently at least to Company #5, it was obvious that what Northstar and Watson were doing was a prohibited practice.

respectively.  Both accounts from which the defendant property was seized, with a seizure warrant, were under the control of Watson's company, Northstar.

"Wire fraud under 18 U.S.C. § 1343 requires evidence showing that the defendant (1) devised or intended to devise a scheme to defraud and (2) used or caused the use of wire communications in furtherance of that scheme." United States v. Burfoot, 899 F.3d 326, 335 (4th Cir. 2018).  For the purposes of honest services fraud, the government must prove misuse of position in exchange for kickbacks.  United States v. Nayak, 769 F.3d 978, 980-81 (7th Cir. 2014) (holding that 18 U.S.C. § 1346 applies equally to public sector and private sector kickback schemes).  The two paragraphs just above describe in detail how the complaint recites facts meeting each of these honest services wire fraud elements.  The complaint identifies the victim of the scheme (Company #1), the members of the scheme (Watson and Persons #1, #11, and #12, among others), the goal of the scheme (set forth in paragraph 13 of the complaint), the means of effectuating the scheme (complaint paragraphs 14-16 and 19-20), and which members of the scheme were responsible for which acts (Watson, through Northstar, sent kickbacks to Person #1, who in turn disbursed them to Persons #11 and #12).  See Sum of $70,990,605, 4 F.Supp.3d at 200 (government's forfeiture complaint in a wire fraud case was sufficient where it provided the aforementioned details).

B.      Whether Assets Constitute Proceeds is Determined through a But For Test, which is Satisfied in this Case

The test of whether assets constitute proceeds is a but for test.  United States v. U.S. Currency in the Amount of $13,845.15, No. 1:17-cv-1410, 2018 WL 4611610, at *3 (E.D.Va. Aug. 24, 2018) (if a bank account is opened with a counterfeit passport, any money in the account, regardless of its source, is forfeitable as the proceeds of the counterfeiting offense,

citing United States v. Cekosky, 171 Fed.Appx. 785, 788 (11th Cir. 2006)) (report and recommendation of the Magistrate Judge, adopted by the District Court at 2018 WL 4611609 (Sept. 14, 2018)); United States v. Ivanchukov, 405 F.Supp.2d 708, 712-13 (E.D.Va. 2005) (in the context of a criminal forfeiture of proceeds under 18 U.S.C. § 982(a)(6), holding under the but for test that a payment from one co-conspirator to another motivated by their joint involvement in an immigration fraud conspiracy was proceeds despite the fact that the funds were not generated as a result of that conspiracy).  But for the fraudulently obtained deals with Company #1, the defendant property would not have been available to Watson and Northstar. United States v. Gates, 803 Fed.Appx. 640, 643 (3d Cir. 2020) (if the defendant would not have received any revenue under a contract but for certain fraudulent conduct, all of the revenue derived from the contract is subject to forfeiture without limitation to the fraction directly attributable to the fraud).  Though the claimant complains that the government has not shown that a profit was generated, it is of no moment that if the project went through to completion without Company #5 discovering the kickback scheme, Northstar likely would have gotten more. After all, the question is not whether the claimant profited from the scheme, rather it is whether the funds at issue are traceable to the scheme using a but-for test.  United States v. Farkas, 474 Fed.Appx. 349, 359-60 (4th Cir. 2012) (no clear error in District Court's use of the but for test to determine proceeds in a bank and wire fraud case); United States v. Lindberg, No. 5:19-cr-22, 2020 WL 4518881, at *3-*4 (W.D.N.C. Aug. 4, 2020) (applying the but for test in a criminal forfeiture under 18 U.S.C. § 981(a)(1)(C)).  Whether Watson got caught by Company #5 midway through or not, these funds, likely less since he got caught but more if he had not been, nonetheless represent funds traceable to the honest services wire fraud scheme described in the complaint.

C.	The Complaint Sets Forth Sufficient Facts from which Mens Rea Can Be Inferred

The claimant complains that the government has not adequately established mens rea in its complaint. A forfeiture complaint suffices where intent can be inferred from the facts pled. $1,707,937.91 in Funds Seized From Atlantic Capital Bank, 2021 WL 1574743, at *4 ("Given the leniency the Complaint is afforded at this stage, the Court finds that the allegations in the Complaint, taken as true, are enough for the Court to infer an intent to defraud."); United States v. 99,337 Pieces of Counterfeit Native American Jewelry, No. 16-1304, 2018 WL 1568725, at *3 (D.N.M. Mar. 27, 2018) (denying motion to dismiss for failure to allege the intent element of the violation where intent could be inferred from the facts alleged). Here, the complaint states that Watson and Northstar did not pay the kickbacks directly to Persons #11 and #12, rather they paid them through Person #1's Villanova Trust. A portion of the kickbacks then went to the 2010 Irrevocable Trust, maintained by Person #7. Person #1 had no formal association with the victim, Company #1, but Person #1 was Person #11's brother. Company #1's contractual arrangements relating to its Northstar real estate development projects warranted that no undisclosed third-party brokers, like Person #1, were used. The intent to defraud can certainly be inferred from the indirect nature of the kickback payments, that Persons #11 and #12 had to let Person #1 keep a portion of the payments as compensation for his role in laundering the indirectly tendered funds, and the undisclosed role of Person #1 and the Villanova Trust in spite of contractual arrangements between Northstar and Company #1 prohibiting such undisclosed third-party brokers.

D.	There is No Tracing Requirement that Must Be Met for a Civil Forfeiture Complaint

The claimant also appears to believe that the government must satisfy a tracing requirement in its complaint, but "tracing is not an issue at the motion to dismiss stage." Aguilar,

782 F.3d at 1109 (adding that "[w]e have consistently instructed district courts to wait until trial to adjudicate arguments that a portion of the property the government claims is not subject to forfeiture."). Accord Real Property Known as 223 Spring Water Lane, 2021 WL 144245, at *10 (tracing is not required at the pleading stage). Moreover, "[c]ivil forfeiture does not require evidence linking the funds to specific overt acts." Real Property Known as 223 Spring Water Lane, 2021 WL 144245, at *10 (citing United States v. $72,050 in U.S. Currency, 587 Fed.Appx. 241, 243 (6th Cir. 2014)). It suffices for the complaint to allege sufficient facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, as set forth in Supplemental Rule G(2)(f). As explained above, the complaint provides more than enough detail to meet Rule G(2)(f)'s requirements. Aguilar, 782 F.3d at 1109 ("Though we have held that [Rule G(2)(f) sets] a higher standard than notice pleading, the government's complaint meets this low bar.") (internal quotation marks and citing references omitted).

E.     The 39 Investors are Victims of Watson's and Watson is the One Standing in the Way of their Money Being Returned to Them. The Point of this Forfeiture Action is to Get the Defendant Property Returned to the 39 Investors.

The claimant includes a fact section with his motion, then proceeds to base some of his arguments in his motion to dismiss on the facts he supplies. The most notable example of this would be the facts the claimant provides with respect to 39 investors from whom Watson and Northstar raised funds to allow them to begin working on the real estate development deal they obtained from Company #1 through kickbacks to its employees. As Watson suggests, based on the information presently available it appears that those 39 investors were unaware that he and his company, Northstar, were deploying the investors' money in a venture won through kickbacks—all at a very high, material, undisclosed risk to these investors. Citing his apparent

10

victimization[3] of these 39 investors, the claimant goes on to accuse the government of "forfeiture abuse" in seeking forfeiture of the defendant property.  Ironically, by filing a claim to funds the claimant says are "the original investment funding from the 39 private investors" (suggesting Watson and Northstar are entitled to little, if any, of the defendant property), Watson has created the very problem he claims he is trying to cure—getting the defendant property returned to the 39 investors whom he drew into a capital raise in furtherance of his honest services wire fraud scheme.  Indeed, by virtue of this claim, Watson shows that a forfeiture proceeding is necessary to quiet title to these funds, so that the 39 investors may have an opportunity to petition for their remission or otherwise seek their return without this competing corporate claim ostensibly from Watson.  United States v. Ursery, 518 U.S. 267, 295-96 (1996) (Kennedy, J. concurring) (proceedings in rem are simply structures that allow the government to quiet title to criminally-tainted property in a single proceeding in which all interested persons are required to file claims contesting the forfeiture at one time); In re Matthews, 395 F.3d 477, 481 (4th Cir. 2005) ("the purpose of an in rem forfeiture action is to conclusively determine ownership rights in the seized property").  See also United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) (noting that forfeiture and compensation of victims "need not be at cross-purposes" because "the government has the discretion to use forfeited assets to restore a victim whom the defendant has failed to compensate.").  To be clear, the goal of this forfeiture action is to return the entirety of the defendant property to the 39 investors.

F.      On a Motion to Dismiss, the Court Considers Only the Allegations in the Complaint, not Additional Facts Supplied by the Movant

---

[3] The government uses the term victim in the colloquial sense here, as it is not yet clear to the government whether the 39 investors would legally constitute victims for purposes of the Crime Victims Rights Act.

Returning to the motion to dismiss, the problem with considering the claimant's allegations in the motion about the 39 investors is that it is outside the four corners of the complaint. Real Property Known as 223 Spring Water Lane, 2021 WL 144245, at *5 ("The Court does not consider counterstatements (or counter-characterizations) of fact in assessing the pleading."); United States v. $54,540 in United States Currency, No. 3:18-cv-714, 2018 WL 6681396, at *4 (M.D.Fla. Nov. 21, 2018) (declining to consider adequacy of drug canine's training as part of a motion to dismiss as that would involve evidence outside of the pleadings). As noted above, the proper office of a Rule G(8)(b) motion to dismiss is to test the sufficiency of the allegations within the four corners of the complaint. Even if the Court were to consider the claimant's allegations outside the complaint, though, it would not change whether the defendant property constitutes proceeds of honest services wire fraud. That is because Watson also obtained the funds from the 39 investors in furtherance of his honest services wire fraud scheme. Watson and Northstar alone did not have the money to execute the development on these sites after being awarded the contract by Company #1 through undisclosed and unauthorized kickbacks to Company #1's employees. They needed these investors to contribute funds in order for the fraud scheme to be completed. The funds were therefore obtained by Watson in furtherance of the fraud scheme, even considering the additional facts he offers outside the complaint.

## CONCLUSION

For the reasons explained above, the forfeiture complaint in this case contains more than adequate information to support a reasonable belief that the government will be able to meet its burden of proof at trial. As such, the government respectfully urges the Court to deny the claimant's motion to dismiss.

                Respectfully submitted,

                RAJ PAREKH
                ACTING UNITED STATES ATTORNEY

By:       /s/ Kevin Hudson
                Kevin Hudson
                Assistant United States Attorney
                Attorney for the United States
                721 Lakefront Commons, Suite 300
                Newport News, VA 23606
                Office Number: (757) 591-4000
                Facsimile Number: (757) 591-0866
                Email Address: kevin.hudson@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of August 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record.

By:    /s/ Kevin Hudson
     Kevin Hudson
     Assistant United States Attorney
     Virginia State Bar No. 81420
     Attorney for the United States
     721 Lakefront Commons, Suite 300
     Newport News, VA 23606
     Office Number: (757) 591-4000
     Facsimile Number: (757) 591-0866
     Email Address: kevin.hudson@usdoj.gov