IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $196,634 SEIZED FROM CITYWIDE BANK ACCOUNT ENDING IN 9662, <br><br> and <br><br> $3,648,375 SEIZED FROM CITYWIDE BANK ACCOUNT ENDING IN 8557. <br><br> Defendants In Rem. | Civil No. 1:21-cv-561 |

**MOTION FOR A CONSENT ORDER TO STAY PROCEEDINGS**

Comes now the United States of America, through counsel, and moves this Honorable Court, with the consent of claimants Sterling NCP FF, LLC and Manassas NCP FF, LLC, to stay the civil forfeiture proceedings in this case, pursuant to 18 U.S.C. § 981(g)(1), for a period of forty-five days. These provisions of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), are intended to give both the government and the claimant in a civil forfeiture case the right to seek a stay of the forfeiture proceeding in order to protect a vital interest in a related criminal case.

Title 18, United States Code, Section 981(g)(1) provides the basis for a stay of a civil forfeiture proceeding when the Court determines that civil discovery will adversely affect the ability of the government to prosecute a criminal case or investigate criminal activity. That statute provides, in part, that:

1

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1).

The government seeks a stay in this civil forfeiture proceeding because it has an open criminal investigation relating to the subject matter of the civil forfeiture complaint and civil discovery will adversely affect the ability of the government to conduct the related criminal investigation. Section 981(g)(4) defines "related criminal investigation" as an "investigation in progress at the time at which the request for the stay" is made. Section 981(g)(4) further provides that in determining whether an investigation is "related" to a civil forfeiture proceeding, "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See, e.g., United States v. Assorted Firearms, Motorcycles, and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D.Cal. 2009) (granting stay over the objection of claimants who were not named as defendants in related criminal case; given overlapping facts and relationship between claimants and defendants, civil discovery would likely affect the government's ability to prosecute). In this case, the criminal investigation arises from the same facts and circumstances as this civil forfeiture complaint, and thus will involve the same parties and witnesses.

The government has the burden of showing that there will be an impact on a criminal case and can satisfy its burden by showing that civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding". United States v. One Assortment of 73 Firearms, 352 F.Supp.2d 2, 4 (D. Me. 2005). That prerequisite is satisfied here, since during civil discovery the

government cannot envision a way that it would not be required to reveal witness statements and expose criminal case witnesses to civil depositions, resulting in the premature disclosure of the criminal case and the government's criminal trial strategy in far more detail than would be permitted in criminal discovery.  United States v. $278,780.80 in Funds, No. 11 Civ. 00555, 2012 WL 4747209, at *3 (S.D.N.Y. Oct. 4, 2012) ("The law clearly provides for much more limited discovery in the criminal context than the civil, and for that reason, stays of civil forfeiture actions are routinely granted during the pendency of related criminal proceedings."). Further, the majority of the evidence gathered to this point in the criminal case has been obtained through a protected process.  Even those materials not obtained through the aforementioned protected process would, in large part at least, be subject to such privileges as the informer's privilege and the law enforcement privilege at this time due to the stage of the criminal investigation.  See, e.g., United States v. Matish, 193 F.Supp.3d 585, 597 (E.D.Va. 2016) (within the ambit of the law enforcement privilege is information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation).

     A fulsome outline on the development of this criminal case is outlined in the sealed declaration of Federal Bureau of Investigation Special Agent Randy Combs in the government's motion to seal in closely related case 1:20-cv-1343.  See, e.g., United States v. Approximately $144,001 in U.S. Currency, No. C 09-04182, 2010 WL 1838660, at *1 (N.D.Cal. May 3, 2010) (noting that 18 U.S.C. § 981(g)(5) expressly permits the government to file evidence in support of a motion to stay under seal and declining to revisit the Court's prior ruling ordering the

materials sealed). S/A Combs's declaration is Document no. 22 in that case. The government's periodic sealed status reports, on file in case 1:20-cv-1343 as Documents 41 and 44, likewise chronicle the development of the investigation from that point. The last such periodic report was filed on July 2, 2021 (Document 44 in case 1:20-cv-1343). Since that point, the impasse with another target's counsel, described on page four of the July 2, 2021 declaration filed as Document 44 in case 1:20-cv-1343, regrettably continues. Since the other target's counsel will not provide the government with the privilege log needed for the filter team to proceed with assessing and releasing evidence, as appropriate, to the criminal AUSAs assigned to this case, the other target's actions have essentially ground the investigation to a halt. The other target's counsel has indicated plans to file a motion regarding this issue, but no motion has been forthcoming.

The expansion of the stay provision to criminal investigations "would seem to recognize that the need for confidentiality is as great if not greater during the investigatory stage of a criminal proceeding when much of the activity of law enforcement and the Courts is conducted in a confidential setting." United States v. All Funds Deposited in Account No. 200008524845, 162 F.Supp.2d 1325, 1330 (D.Wyo. 2001). Specifically, in this case there are a number of witnesses cooperating with the investigation whose identities have not yet been revealed to the targets or generally. See, e.g., United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXX8359, 456 F.Supp.2d 64, 64-65 (D.D.C. 2006) (stay must be granted where claimant's discovery requests could compromise existing confidential informants and/or interfere with the government's ability to obtain confidential information from others, or if it would burden the law enforcement officials conducted the related investigation); United States v. All Funds on Deposit in Business Marketing Account, 319 F.Supp.2d 290, 294 (E.D.N.Y. 2004)

(once the Court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under 18 U.S.C. § 981(g)).  As noted in the government's second status report in case 1:20-cv-1343, many of the same concerns that prompted the government to request a stay in that case, as well as closely related case 1:20-cv-613, continue to hold true in this closely related case.

     As the Court will see in the attached proposed consent stay order, the claimant consents to this stay for a period of forty-five days.  As stated in the government's recently-filed response in opposition to the claimant's motion to dismiss, it appears the defendant property in this case should rightly be returned to thirty-nine investors from whom the claimant did a capital raise.  The government, the claimant, and counsel for the investors (who have not yet filed a claim, but whom the government anticipates will file a claim), are presently in the process of exploring the mechanics of returning the defendant property to the investors.  If those mechanics can be resolved among the aforementioned three stakeholders, then it seems likely that this case can be resolved within the next month and a half or so without the need for any further intervention by the Court.  To that end, the government and claimant agree that the August 27, 2021 hearing on the claimant's motion to dismiss need not go forward as planned.  Instead, the parties suggest removing that August 27 hearing from the docket until any stay expires.

     Based on the foregoing, the government respectfully requests, with the consent of the claimant, that the Court enter an order staying this civil forfeiture case for a period of forty-five days from the date of the Court's stay order.

        Respectfully submitted,

        RAJ PAREKH
        ACTING UNITED STATES ATTORNEY

By:   \_\_\_/s/ Kevin Hudson_____
        Kevin Hudson
        Assistant United States Attorney
        Attorney for the United States
        721 Lakefront Commons, Suite 300
        Newport News, VA 23606
        Office Number: (757) 591-4000
        Facsimile Number: (757) 591-0866
        Email Address:  kevin.hudson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of August 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of the filing (NEF) to all counsel of record.

By:    /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov